FILED
Dec 10, 2021
10:53 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **MAX TONEY,** | ) | **Docket No. 2021-05-0586** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **INTERLOCK EXPRESS, LLC,** | ) | **State File No. 40645-2021** |
| **1A SMART START LLC, and,** | ) | |
| **SMART START OF TN,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **ZURICH AMERICAN INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Interlock Express filed a Motion for Summary Judgment on October 26, 2021. The central issue is whether Interlock Express is entitled to summary judgment on grounds that it is not an "employer" as defined in the Workers' Compensation Law, and therefore it is not subject to the law. The Court agrees and holds Interlock Express is entitled to summary judgment.

### Procedural History

Mr. Toney alleged he suffered work-related injuries on May 14, 2021. Interlock Express denied the claim. Mr. Toney filed a Petition for Benefit Determination seeking medical and temporary disability benefits.[1] Interlock Express filed this Motion for Summary Judgment, and the Court heard arguments by telephone on December 8, 2021.

---

[1] Mr. Toney also filed Petitions for Benefit Determination seeking benefits from 1A Smart Start, LLC and Smart Start of TN. Neither of those entities joined in this summary judgment motion or filed their own.

1

## Facts

Interlock Express filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. Mr. Toney sent an email to the clerk responding to the statement and attempting to submit additional evidence. Because the response did not cite to the record or provide any new affidavits, as required by the rule, the Court deems the statement of undisputed facts admitted and summarizes the relevant facts as follows:

1. At the time of Mr. Toney's alleged injury, Interlock Express had three employees.
2. Interlock Express is not a common carrier or construction business, and it does not employ farm or agricultural laborers.

Based on these facts, Interlock Express argued the Court should grant summary judgment because it affirmatively negated an essential element of Mr. Toney's claim – that Interlock Express is an "employer" as defined by the statute – *and* that the facts are insufficient for him to prove this element.

In addition to his email response, Mr. Toney participated in the hearing. He admitted that Interlock Express had only three employees but contended that it and the Smart Start entities were structurally related and acting as a single business.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2021).

As the moving party, Interlock Express must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Toney's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2021); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Interlock Express is successful in meeting this burden, Mr. Toney must then show that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265.

The essential element at issue in this case comes from Tennessee Code Annotated section 50-6-102(13), which provides: "Employer" includes "any individual, firm, association or corporation . . . using the services of not less than five (5) persons for pay[.]", except as provided in § 50-6-902[.]

The undisputed facts show that, at the time of Mr. Toney's alleged injury, Interlock Express was not an employer subject to the Tennessee Workers' Compensation Law. Thus, Interlock Express met its burden of negating an essential element of the claim. This means

Mr. Toney must show that the record contains specific facts upon which the Court could find in his favor, such as proof of a recognized exception to the statutory definition of "employer."

As noted above, Mr. Toney did not provide any additional admissible evidence. This leaves the Court without proof of any applicable exceptions. Mr. Toney's evidence is therefore insufficient to establish this essential element of his claim, and the Court must hold that Interlock Express is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Interlock Express's Motion for Summary Judgment is granted, and Mr. Toney's claim against it is dismissed with prejudice to its refiling.

2. Mr. Toney's claims against 1A Smart Start, LLC and Smart Start of TN are unaffected by this order.

3. Unless appealed, this order shall become final thirty days after entry.

**ENTERED December 10, 2021.**

_____
**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on December 10, 2021.

| Name | Certified Mail | Via Email | Service Sent To |
|---|---|---|---|
| Max Toney | X | X | 3011 Honeysuckle Dr. Spring Hill, TN 37174 Max_toney@icloud.com |
| Travis Ledgerwood, Atty. for Interlock Xpress, LLC | | X | rfiorello@wimberlylawson.com |
| Kelly A. Campbell, Atty for 1A Smart Start and Zurich Am. Ins. Co. | | X | kcampbell@wimberlylawson.com |

_____

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*